## ROCHE–ORGANON, Inc., v. HORMOR-GANO CORPORATION.

### Civ. No. 4025.

District Court, E. D. New York.

Feb. 8, 1945.

Briesen & Schrenk, of New York City (Karl Pohl, of New York City, of counsel), for plaintiff.

Blair, Curtis & Hayward, of New York City (Joseph V. Meigs, of New York City, of counsel), for defendant.

KENNEDY, District Judge.

Plaintiff moves for an order under Rule 12(f), 28 U.S.C.A. following section 723c, to strike from the answer paragraphs numbered 1 to 23, which are designated affirmative defenses, on the ground that the allegations attacked are redundant, immaterial and impertinent, and do not constitute affirmative defenses proper under Rule 8(c). Plaintiff also moves for an order dismissing the counterclaim (Answer, paragraphs 1 to 38) on the ground that it fails to assert a claim against plaintiff, either under the anti-trust acts (15 U.S.C.A. § 1, et seq.), or under the Declaratory Judgment Act (49 Stat. 1027, 28 U.S.C.A. § 400). The motion has a third branch under which plaintiff seeks a more definite statement of the counterclaim under Rule 12(e).

For practical purposes the affirmative defenses and the counterclaim may be considered together, and the attack on their sufficiency treated as if a single motion had been directed at them. To understand why this treatment is proper one must consider briefly the factual background which the pleadings disclose and from which the conflicting claims arise.

Plaintiff is a New Jersey corporation. Since 1938 it has been engaged in the manufacture of hormone preparations. Among the trade-marks it uses is the designation "Roche-Organon".

Defendant sells pharmaceutical and "organic products". In April 1944 it organized the "Hormorgano Corporation", and it does business under that name.

Plaintiff says that the word "Hormorgano" so closely resembles the designation "Roche-Organon" that the public may become confused and, as a result, the defendant's products may be passed off as those of the plaintiff. To prevent this, plaintiff says it is entitled to a decree restraining the defendant against the use of any name employing the word "hormone" or the word "organo", or at least any combination of these words which would be a colorable imitation of plaintiff's trademark or trade-name "Roche-Organon". So far the controversy appears to present a very simple issue.

However, in its answer, both by way of affirmative defense and counterclaim, the defendant asserts that the word "hormone" and the word "organic" are in common usage, and that plaintiff is actually asserting a right to prohibit anybody except itself from using these words, or any combination that suggests them, whether or not a colorable imitation of plaintiff's name could legitimately be claimed. Defendant says it has never in fact attempted to confuse the public or to pass off its products as the plaintiff's. Substantially the defendant's position, both in its affirmative defense and in its counterclaim, is that plaintiff is attempting to set up a monopoly

318

in the use of these common words, has harassed and embarrassed the defendant, and interfered with its business and, in fact, that there is a conspiracy in existence between the plaintiff and an affiliate corporation called Hoffmann-La Roche, Inc., to violate the anti-trust laws of the United States and of the State of New York 'and to create an illegal restraint of interstate commerce in the manufacture and marketing of hormones and organic substances.

I acknowledge that the defendant's pleading is rambling and discursive. In its present form, or lack of form, it does not give the plaintiff any clear indication of what it will have to meet in the way of proof at the trial.

Prior to the adoption of the Federal Rules of Civil Procedure I should hardly have doubted that defendant ought to plead over and make its answer concise, direct, factual and informative. However, there is an alternative which can be adopted here. Plaintiff has moved for a "bill of particulars" or, more ' accurately, a definite statement of defendant's claim. I therefore deny the application to the extent that it seeks an order striking the defenses and dismissing the counterclaim. I grant that portion of the application under which a more definite statement of the claim is sought.

Settle order on notice.